UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DARREL R. FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.   23-0823-CV-W-BP-P |
| | ) | |
| JUDGE FERNANDO J. GAITAN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER DISMISSING CASE</u>

Plaintiff is confined at the Federal Medical Center in Butner, North Carolina.  Doc. 1, p. 1 (complaint).   He has filed this case *pro se*, seeking relief for claimed violations of his civil rights under federal law.  *Id.*

The Court construes Plaintiff's complaint as containing a request for leave to proceed as a pauper.  For the purpose of this request, the Court assumes that Plaintiff is a civilly-committed person and not subject to the provisions of the Prison Litigation Reform Act (PLRA).  *See Fisher v. Doe*, No. 23-0684-CV-W-FJG-P (W.D. Mo. Oct. 6, 2023) (case dismissed as frivolous, noting that Plaintiff is a mental patient and not subject to the provisions of the PLRA).  As in *Fisher*, No. 23-0684-CV-W-FJG-P, the Court will grant Plaintiff leave to proceed as a pauper.  Nevertheless, the Court must dismiss this case if Plaintiff's claim is frivolous, or if he seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i) and (iii); *see Carter v. Schafer*, No. 07-2695, 2008 WL 1744755, at **1 (8th Cir. Apr. 17, 2008) (provisions of § 1915(e) "apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service").

Plaintiff claims that the sole Defendant, Judge Fernando J. Gaitan, Jr., "[n]ever acquired jurisdiction to conduct any proceeding here at all because the clerk never granted the court

jurisdiction to proceed to judgment as adjudicating the parties' arguments in the suit. No judge can dismiss any civil suit unless the parties argue to do so." Doc. 1, p. 3. It appears that Plaintiff is complaining about Judge Gaitan's dismissal of *Fisher*, No. 23-0684-CV-W-FJG-P. *See* Doc. 1-1, p. 1 (attachment to complaint). Plaintiff seeks damages of $166 million. Doc. 1, p. 2.

"[A] judge is immune from [liability for damages in a legal proceeding] in all but two narrow sets of circumstances. First, a judge is not immune from liability for nonjudicial actions. . . . Second, a judge is not immune for actions . . . taken in the complete absence of all jurisdiction." *Woodworth v. Hulshof*, 891 F.3d 1083, 1090-91 (8th Cir. 2018) (citations and quotation marks omitted). The Court finds that Plaintiff's vague assertion that Judge Gaitan acted without jurisdiction is incorrect and frivolous.

Finally, the Court notes Plaintiff's request that "a judge not from this District . . . conduct the trial." Doc. 1, p. 3. The Court construes this as a request for recusal because the undersigned serves on the same court as Judge Gaitan. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This standard is not met here. The Court observes that there are circumstances in which a judge may hear a case even though he or she has been named a defendant. *E.g.*, *United States v.* Watford, 692 Fed. App'x 108, 110 n.1 (4th Cir. 2017); *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006); *In re Taylor*, 417 F.3d 649, 652-53 (7th Cir. 2005). These cases rely on a variety of considerations, including the need to prevent litigants from judge-shopping and the recognition that the suits are often so devoid of legal merit they cannot cause a reasonable observer to believe the judge is biased.

Other cases extend this reasoning and hold that a judge need not automatically recuse when someone with whom they are associated has a connection to the case. *E.g.*, *United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006) (recusal not required when judge's law clerk had previously presented case to the grand jury, given law clerk's lack of involvement while the case

was pending before the judge); *Mina v. Chester County*, 684 Fed. App'x 256, 259 (3d Cir. 2017) (recusal not required when the plaintiff had sued the judge's deputy clerk in a separate action). Again, the key inquiry is "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case," *Martinez*, 446 F.3d at 883 (quotation omitted), and the Court concludes this standard is not met here. Plaintiff has named Judge Gaitan as a defendant, seeking to hold him personally liable for the decisions he made in a prior case. As discussed above, it is well-established that a judge cannot be held liable for damages caused by his judicial rulings—so much so that a reasonable person would not believe another judge has a conflict in making such a ruling even if the two judges are on the same court. Therefore, recusal is not required in these circumstances.

For the reasons set out above, Plaintiff is granted leave to proceed as a pauper, and this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) because Plaintiff's claims are frivolous, and because he seeks monetary relief from a defendant who is immune from such relief.

So **ORDERED**.

/s/ Beth Phillips
BETH PHILLIPS
CHIEF UNITED STATES DISTRICT JUDGE

Dated: November 21, 2023.